# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| BRUCE ALEXANDER | * | CIVIL ACTION NO.  17-1081 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| PRESIDENT DONALD TRUMP, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a motion to dismiss under  Fed. R. Civ. P. 12(b)(6) [doc. #21], filed by defendant, Henry Cotton in his official capacity as Mayor of the City of Bastrop ("Mayor Cotton ") as well as a motion to dismiss under Fed. R. Civ. P. 12(b)(1) & (6), filed by defendants, President Donald Trump ("President Trump ") and F.B.I. Director Christopher Wray ("Director Wray").[1]  For reasons stated below, it is recommended that the motions be GRANTED, and that plaintiff's claims against defendant Cotton be DISMISSED with prejudice, and his claims against defendants Trump and Wray be DISMISSED without prejudice.

## Procedural History

On August 28, 2017, Plaintiff filed the instant pro se complaint against President Trump, Director Wray, Louisiana Governor John B. Edwards, and Mayor Cotton in their respective official capacities.  *See* Complaint, doc. #1, p. 2, ¶ 8.  Plaintiff asserts violations of his Fourth

---

[1]Plaintiff named "F.B.I. Director Christopher Gray" as a defendant in this action.  The current Director of the Federal Bureau of Investigation is Christopher A. Wray.  The undersigned assumes that Plaintiff's misidentification of the defendant was a minor typographical error and assumes that Plaintiff intended to name Mr. Wray in his official capacity as Director of the F.B.I.

and Fourteenth Amendment.

On January 22, 2018, Mayor Cotton filed his motion to dismiss [doc. #21] arguing that Plaintiff has failed to allege essential elements to his § 1983 claim against Mayor Cotton.  Mayor Cotton requests that the Court grant him attorney fees and costs pursuant to 42 U.S.C. § 1988.  Plaintiff filed his opposition [doc. #23], Mayor Cotton filed a reply [doc. #26], and Plaintiff filed a sur-reply [doc. #29].  On February 26, 2018, President Trump and Director Wray filed their motion to dismiss [doc. #30] arguing that the Court lacks subject matter jurisdiction and that Plaintiff has failed to allege a claim against them.  Plaintiff filed his opposition [doc. #40].  These matters are now ripe.

## **The Complaint**[2]

### *A.    Plaintiff's Factual Allegations.*

In November 2006, Plaintiff was summoned to testify as a witness in a murder trial in Farmerville, Union Parish, Louisiana.  The criminal defendant's father hired the Sheriff of Morehouse Parish, the Chief of Police for the City of Bastrop, and the local division of the Federal Bureau of Investigation in Monroe, Louisiana (collectively, "the Conspirators") to murder Plaintiff.  The Conspirators then worked with various local businesses to poison Plaintiff.  The Conspirators conducted constant surveillance of Plaintiff by monitoring and recording his telephone, placing tracking devices on his automobiles, and placing audio/video recording devices in his home.  The Conspirators blocked Plaintiff's attempts to communicate with the

---

[2] In this section, the undersigned summarizes Plaintiff's allegations and claims set forth in his Complaint.  The undersigned accepts Plaintiff's factual allegations as true for the purposes of these motions only.  *See  Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)).

outside world, including the Department of Justice, by intercepting telephone calls and mail.

As a result of the poisoning, Plaintiff has suffered heart attacks, blood loss, and other ailments. Plaintiff informed Joe Mickel, assistant U.S. Attorney for the Western District of Louisiana, about the plot to kill him by poisoning. Mr. Mickel directed Plaintiff to obtain a blood test. While Plaintiff was on his way to obtain a blood test, the Conspirators abducted him and held him for 12 days. The Conspirators attempted to have Plaintiff committed to a state mental institution and to remove Plaintiff's "voice box."

### B.    Plaintiff's Claims.

Plaintiff no specific claims against Director Wray. He claims that President Donald Trump "[f]ailed to properly maintain control of his appointed F.B.I. Director" and "[f]ailed to establish and assure the function of a bona fide and meaningful departmental system for dealing with complaint[s] of law enforcement misconduct." Plaintiff asserts that Mayor Henry Cotton "failed to take action after this matter was brought to him on more than one occasion."

### C.    Plaintiff's Request for Relief.

Plaintiff requests that the Court grant him declaratory and injunctive relief. Specifically, Plaintiff demands that the Court declare the acts set forth in his complaint to be unconstitutional and direct the defendants to restore his rights under the Fourth and Fourteenth Amendments. Plaintiff further requests that the Court "[f]airly and completely investigate" the matters of which he complains.

3

## Analysis

I.    **Motion to Dismiss Pursuant to Rule 12(b)(1).**

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id*. Moreover, litigants cannot confer federal subject matter by waiver or consent. *Elam v. The Kansas City Southern Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011) (citations omitted). The Federal Rules of Civil Procedure require dismissal when the Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A district court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Randall D. Wolcott, M.D., P.A. v. Sebellius*, 635 F.3d 757, 762 (5th Cir. 2011) (citations omitted).

In this case, neither party has submitted evidence or stipulations of fact. Accordingly, the undersigned must assess the presence of subject matter jurisdiction based on the Complaint alone. Plaintiff seeks injunctive and declaratory relief for alleged violations of his Fourth and Fourteenth Amendment by the defendants in their official capacities.

The suit against President Trump and Director Wray in their official capacities is treated as a suit against the United States. *Hagen v. Coggins*, 208 F.3d 1007 (5th Cir. 2000). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994). This includes suits for injunctive and declaratory relief. *Huffstutler v. Bergland*, 607 F.2d 1090, 1092 (5th Cir. 1979) (citing *Beale v. Blount*, 461 F.2d 1133, 1137 (5th Cir. 1972)); *Kight v. U.S. Dist. Court, N. Dist.*

*of Georgia*, 681 F. App'x 882, 884 (11th Cir. 2017) (citing Lynch v. United States, 292 U.S. 571, 582, 54 S.Ct. 840, 78 L.Ed. 1434 (1934)).  *But see  Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017) ("We therefore hold, . . . that [the Administrative Procedures Act] waives sovereign immunity for all non-monetary claims.").

Sovereign immunity is a jurisdictional defense.  Without a waiver of sovereign immunity, the court lacks subject-matter jurisdiction to hear a suit against the United States. *Ecker v. United States*, 358 F. App'x 551, 552–53 (5th Cir. 2009) ("Sovereign immunity ordinarily protects the United States from liability and deprives courts of subject matter jurisdiction over the claims against it.").  Plaintiff must sufficiently allege a basis for subject-matter jurisdiction in the Complaint.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Plaintiff did not allege a waiver of sovereign immunity in his Complaint, and the undersigned is not aware of any applicable waiver under statutory or federal common law.  Accordingly, the undersigned concludes that this Court lacks subject-matter jurisdiction over the claims against President Trump and Director Wray and should dismiss those claims without prejudice pursuant to Rule 12(b)(1).

## II.   Motion to Dismiss Pursuant to Rule 12(b)(6).

### A.   *Legal Standard.*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a)(2).  Circumstances constituting fraud or mistake, however, must be alleged with particularity.  Fed. R. Civ. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark, supra*.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)

6

(citation omitted).  However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Id*.

>    **B.**    ***Plaintiff's Claims Against Mayor Cotton.***

Plaintiff's claim against Mayor Cotton in his official capacity is treated as a claim against the City of Bastrop.  *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985)("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").  A municipality cannot be held "vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer."  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122, 112 S. Ct. 1061, 1067 (1992).  The Fifth Circuit recently provided the following statement of the law on municipal liability under § 1983:

> Municipal liability under § 1983 requires a plaintiff to prove: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom.  Because courts have roundly rejected municipal liability based on a theory of respondeat superior, isolated unconstitutional actions by municipal employees will almost never trigger liability.  Rather, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur.
>
> Existence of a policy can be shown in two primary ways: (1) the existence of an officially adopted policy, regulation, or decision promulgated by individuals with policymaking authority; or (2) a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.  A single decision by a policy maker may also, under certain circumstances, constitute a policy for which a municipality may be liable.  However, this single incident exception is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker.

*Harris v. Jackson Cty., Mississippi*, 684 F. App'x 459, 463 (5th Cir. 2017) (internal quotations

and citations omitted).  Courts must distinguish between final policymakers and mere final decision-markers.  *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008).  Executive decision making power, even where final and unreviewable, does not necessarily equal the power to singularly dictate municipal policy.  *Bolton,* 541 F.3d at 550.

Plaintiff's allegations against the City of Bastrop are thin.  Read liberally, Plaintiff alleges that the Chief of Police for the City of Bastrop participated in Plaintiff's poisoning, surveillance, and abduction, and that Mayor Cotton "failed to take action after this matter was brought to him on more than one occasion."  Nothing in the Complaint suggests these alleged actions or inaction was an official policy or in furtherance of an official policy of the City of Bastrop.  Plaintiff does not allege that either the Chief of Police or Mayor Cotton had authority to make final policy decisions for the City of Bastrop related to these alleged actions or inactions.  Without an official policy, there is no municipal liability under § 1983.  *Harris*, 684 F. App'x at 463.  Plaintiff failed to allege facts that could support a finding of an official policy.  Therefore, the undersigned concludes that Plaintiff's claims against Mayor Cotton should be dismissed pursuant to Rule 12(b)(6).

### C.   *Plaintiff's Claims Against President Trump and  Director Wray.*

Having determined that this court lacks subject matter jurisdiction to entertain this matter, the court cannot reach the merits-based Rule 12(b)(6) component of the federal defendant's motion to dismiss because "[w]ithout jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 1191, (2007); (citation and internal quotation marks omitted); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United*

*Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir.2016) (in the absence of subject matter jurisdiction, the court is unable to reach a merits-based Rule 12(b)(6) motion). It should be noted that, if the court had subject matter jurisdiction, the undersigned would recommend that the Rule 12(b)(6) motion be granted.

## III.    Mayor Cotton's Request for Attorney Fees and Costs.

Mayor Cotton asserts that he "is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 for all expenses and costs incurred defending the plaintiff's legally unfounded claims." Memorandum, doc. #21-1, p. 4. Section 1988 provides that in § 1983 litigation "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). To award attorney's fees under § 1988(b) the Court must find "that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833, 131 S. Ct. 2205, 2213 (2011) (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978)

If the Court accepts the undersigned's recommendation, Mayor Cotton will be the prevailing party. *See Bonds v. Fizer*, 69 F. Supp. 3d 799, 807–08 (N.D. Ill. 2014) ("[W]here there is a dismissal of an action, even where such dismissal is involuntary and without prejudice, the defendant is the prevailing party." (quoting *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985))). *See also Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985) ("Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant . . .is clearly the prevailing party . . . ."). Plaintiff's Complaint is inartfully drafted, contains outlandish allegations of fact, fails to assert any claim under existing law or any rational argument for an extension or alteration of existing law against Mayor Cotton.

9

For these reasons, the Court should grant Mayor Cotton's request for attorney fee's pursuant to § 1988(b).

## Conclusion

For the above-stated reasons,

IT IS RECOMMENDED that the motion to dismiss for lack of subject-matter jurisdiction [doc. # 30] filed by defendants, President Donald Trump and F.B.I. Director Christopher Wray, be GRANTED, and that plaintiff's claims against said defendants be DISMISSED, without prejudice, for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

IT IS FURTHER RECOMMENDED that the motion to dismiss for failure to state a claim on which relief can be granted [doc. # 21] filed by defendant, Henry Cotton, Mayor of the City of Bastrop, be GRANTED, and that plaintiff's claims against said defendant be DISMISSED, with prejudice.  Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that the request for reasonable attorney fees made by defendant, Henry Cotton, Mayor of the City of Bastrop, be GRANTED.  42 U.S.C. § 1988(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 12th day of April, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

11